read as follows: Judgment and orders affirmed, with costs. All concur, except Woodward and H. T. Kellogg, JJ., dissenting on the ground that as matter of law the plaintiff was guilty of contributory negligence. Order entered in Rensselaer county clerk's office March 5, 1920, amended *nunc pro tunc* as of March 4, 1920, and the judgment on said order entered in said clerk's office March 5, 1920, amended *nunc pro tunc* as of March 5, 1920, to conform with amended decision. [See 191 App. Div. 932.]

BRIDGET HEISLER, Respondent, v. JOHN STEWART, Appellant, Impleaded with Others.— Motions granted, with ten dollars costs in each motion, unless the appellant, within thirty days, files and serves printed case on appeal, and pays said costs; in which event motions are denied, without costs.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of JOHN MINARDI, by the Royal Italian Consul, Respondent, for Compensation for the Death of ADOLFO MINARDI, Deceased, under the Workmen's Compensation Law, v. ACHESON GRAPHITE COMPANY, Employer, and UTICA MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellants.— Award affirmed. All concur.

WALTER S. ARCHIBALD, as Trustee in Bankruptcy of EXCELSIOR BAG AND TENT COMPANY, INC., Appellant, v. JOHN PANAGOULAPOULOS, Respondent, Impleaded with CHARLES A. OTIS and Others, Comprising the Partnership of OTIS & Co., Appellants.—Motion granted.

WALTER S. ARCHIBALD, as Trustee in Bankruptcy of EXCELSIOR BAG AND TENT COMPANY, INC., Appellant, v. JOHN PANAGOULAPOULOS, Respondent, Impleaded with CHARLES A. OTIS and Others, Comprising the Partnership of OTIS & Co., Appellants.— Decision amended to read as follows: Judgment modified by deducting from the judgment against plaintiff $10,150, the price of 5,000 unaccepted tents, and by striking out the costs against Otis & Co., and by directing that, on payment into court to the credit of this action by Otis & Co. of the amount they are required to pay, they be relieved from the effect of said judgment; and, as so modified, affirmed, without costs. All concur, except Kiley, J., dissenting upon the ground that the judgment should be modified by fixing the claim of the respondent at nineteen cents a tent for 145,000 tents, amounting to $27,350; striking out the costs against Otis & Co.; and further that the respondent has no lien upon the money and it should be paid to the referee in bankruptcy. The court disapproves the refusal to find the fifty-third request of the plaintiff, and finds the same, except the last sentence thereof, and that the value of the tents is $10,150. The court disapproves the nineteenth finding of the decision as made, and finds the same with the modification that the 150,000 tents therein mentioned do not include the 5,000 unaccepted tents. The court modifies the twenty-sixth finding of the decision by deducting $10,150 from the amount therein stated to be due. [See *ante*, p. 935.]

THOMAS A. BOYLE, Appellant, v. THE BILLBOARD PUBLISHING COMPANY, Respondent.— Order unanimously affirmed, with costs.

ISRAEL T. DEYO and CHARLES H. HITCHCOCK, Respondents, v. CHARLES I. HUDSON and Others, Appellants.— Motion denied. Kiley, J., not sitting.